IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| WARD-WALKER SEVEN OAKS RANCH, LLC, AND COLE RANCH HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BRAZOS HIGHLAND PROPERTIES, LP, GREENALIA WIND POWER BLUE HILLS, LLC, GH AMERICA INVESTMENTS GROUP, INC., GH AMERICA ENERGY, LLC, AND THE ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> C.A. No. 2:23-cv-00026 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Greenalia Wind Power Blue Hills, LLC ("Greenalia") hereby removes this action from the District Court of Val Verde County, Texas, 63rd Judicial District to the United States District Court for the Western District of Texas. Greenalia expressly reserves all rights to respond to, and seek dismissal of, this lawsuit. The other Defendants named in this action are either improperly joined or consent to the removal as set forth below.

**I.   Removal Jurisdiction**

Plaintiffs Ward-Walker Seven Oaks Ranch, LLC ("Seven Oaks Ranch") and Cole Ranch Holdings, LLC ("Cole Ranch") (collectively, "Plaintiffs") filed this civil action on April 24, 2023, in state court. A true and correct copy of Plaintiffs' Original Petition is attached hereto as Exhibit A.

Removal is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As of the filing of this Notice, Greenalia has conferred with the registered agent set forth in Plaintiffs' Original Petition and has been informed that it has

not yet been served nor has Greenalia received the initial pleading in a manner that would make this Notice untimely under § 1446(b).

Removal to this Court is proper under 28 U.S.C. § 1441(a) because the state court in which Plaintiffs brought this suit is located within the Western District of Texas.

True and correct copies of all documents required by 28 U.S.C. § 1446(a) are attached to this notice:

1) Plaintiffs' Original Petition (Ex. A); and
2) Defendant Electric Reliability Council of Texas, Inc.'s ("ERCOT") Verified Answer (Ex. B).

After filing this Notice of Removal, Greenalia will promptly serve written notice of this Notice of Removal on counsel for all parties and file the same with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

**II.     Nature of Suit**

Plaintiffs own ranches near the proposed site of the Blue Hills Wind Project, which Greenalia (which is ultimately owned by individuals and entities in Spain) plans to develop as a wind farm. Prior to Greenalia's involvement, Defendant GH America Energy, LLC ("GH Energy") (which Plaintiffs allege is owned by entities or individuals in China, *see* Pls.' Orig. Pet. ¶ 7) sold all of the project's assets to Babcock & Wilcox Blue Hills, LLC ("Babcock & Wilcox"), the project company. Following the passage of the Lone Star Infrastructure Protection Act ("LSIPA"), Greenalia Wind Power, Inc. ("Greenalia Wind Power") purchased Babcock & Wilcox, and immediately thereafter changed the name of the entity to "Greenalia Wind Power Blue Hills, LLC."

Plaintiffs seek a declaration that the alleged interconnection agreement[1] for the proposed wind farm is void under the LSIPA because "one of more of the parties involved was a person or business entity in the People's Republic of China." Pls.' Orig. Pet. ¶ 13 (Ex. A). Plaintiffs have

---

[1] An interconnection agreement is an agreement between a transmission service customer and a transmission service provider allowing the customer to transmit electrical power over the service providers' power distribution network.

2

also asserted a claim for breach of fiduciary duty against ERCOT, alleging that ERCOT's failure to void the alleged interconnection agreement "threaten[s] the reliability and security of the electric system from which Plaintiffs receive electricity." *Id.* ¶ 16.

### III.   Basis for Removal

Removal is proper under 281 U.S.C. §§ 1441(a) and 1332 because there is complete diversity between Plaintiffs and all the properly joined Defendants and the amount in controversy (excluding interest and costs) exceeds $75,000.

####    A.   Citizenship of the Parties

Seven Oaks Ranch is a Texas LLC.  On information and belief, its members are: Kelly Wayne Walker, Jr. (domiciled in Wichita Falls, TX), Phillip Moon Walker (domiciled in Ozona, TX), Carlton Montgomery Walker (domiciled in Houston, TX), and Dallas Jackson Barrington (domiciled in Kountze, TX).

Cole Ranch is also a Texas LLC.  On information and belief, Cole Ranch has one member, James W. Cole (domiciled in San Angelo, TX).

On information and belief, all members of the plaintiff LLCs are individuals domiciled in Texas.  Thus, Plaintiffs are citizens of Texas for diversity purposes.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

Greenalia is a LLC.  Greenalia has one member, Greenalia Wind Power, a Delaware corporation.  Greenalia Wind Power is a holding corporation, with its principal place of business in Spain.  Accordingly, Greenalia is a citizen of both Delaware and Spain for diversity purposes. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985) ("[A] corporation shall be deemed a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.").

GH Energy is a LLC.  On information and belief, GH Energy is not a citizen of Texas, and none of GH Energy's members are citizens of Texas.  Plaintiffs specifically allege that GH Energy is "owned and/or partly owned by business entities or persons in the People's Republic of China."

Pls.' Orig. Pet. ¶ 7. *See Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs.*, LLC, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) (holding that if after a proper inquiry "Defendants are still unable to identify the members [of an LLC] but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief").

Defendant Brazos Highland Properties, LP ("Brazos Highland") is a limited partnership. On information and belief, Brazos Highland is not a citizen of Texas, and none of Brazos Highland's partners are citizens of Texas. *See Harvey*, 542 F.3d at 1079 ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."). Plaintiffs specifically allege that Brazos Highland is "owned and/or partly owned by business entities or persons in the People's Republic of China." Pls.' Orig. Pet. ¶ 4.

Defendant GH America Investments Group, Inc. ("GH Investments") is a Delaware corporation with it principal place of business in Houston, Texas. Accordingly, GH Investments is a citizen of both Delaware and Texas for diversity purposes. But as will be discussed below, GH America has not been properly joined to this action, and therefore, its citizenship is disregarded for diversity purposes.

Defendant ERCOT is a Texas corporation with its principal place of business in Austin, Texas. Accordingly, ERCOT is a citizen of Texas. But like GH Investments, ERCOT has been improperly joined, and its citizenship is disregarded for diversity purposes.

### B. Improper Joinder of Non-Diverse Parties

Improperly joined defendants are disregarded when determining whether complete diversity exists. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) ("[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joinder nondiverse and/or in-state defendant."). A party has been improperly joined when there is either "fraud in the recitation of the jurisdictional facts or the absence of any possibility that the [plaintiff] has stated a claim against

[the defendant]." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001). Both ERCOT and GH Investments have been improperly joined for the reasons set forth below.

The only substantive claim Plaintiffs have asserted is a breach of fiduciary duty claim against ERCOT.[2] Plaintiffs have no possibility of recovering on their claim against ERCOT for several reasons: 1) Plaintiffs have failed to allege facts that would give rise to a fiduciary duty between them and ERCOT, with which Plaintiffs have no direct relationship, *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 320-21 (5th Cir. 2002) (holding that defendants had been fraudulently joined because the plaintiff failed to allege the existence of a relationship that would give rise to a fiduciary duty); *Schauer v. Cargill, Inc.*, No. CIVASA02CA0827OG/NN, 2003 WL 21372163, at *10 (W.D. Tex. June 12, 2003) (same); 2) Plaintiffs claim that ERCOT's actions "threaten[] the reliability and security of the electric system from which Plaintiffs receive electricity," but such a claim is within the exclusive jurisdiction of the Texas Public Utility Commission ("PUC"), *see ERCOT v. CPS Energy, Inc.*, 648 S.W.3d 520, 537 (Tex. App.—San Antonio 2021, pet. granted) (holding that a complaint implicating ERCOT's failure to "ensure the reliability and adequacy of the regional electrical network" fell within the jurisdiction of the PUC); 3) ERCOT does not execute or approve interconnection agreements, *see* PUC Substantive Rules § 25.195 (interconnection agreements are between the transmission service customer and the transmission service provider, not ERCOT); and 4) ERCOT is entitled to sovereign immunity.[3]

GH Investments has also been improperly joined because GH Investments has no involvement in the Blue Hills Project.[4]

---

[2] Plaintiffs have also requested declaratory and injunctive relief against all Defendants.

[3] One Texas appellate court has held that ERCOT is not entitled to sovereign immunity, but that decision is currently being appealed to the Texas Supreme Court. *See Panda Power Generation Infrastructure Fund, LLC v. ERCOT*, 641 S.W.3d 893 (Tex. App.—Dallas 2022, pet. granted).

[4] In the alternative, should it be shown that GH Energy and Brazos Highland are not in fact diverse, contrary to Greenalia's good faith reasonable belief, those parties have also been improperly joined because: 1) GH Energy does not own the alleged interconnection agreement and sold the project assets relating to the Blue Hills Wind Project to Babcock & Wilcox, and subsequently Babcock & Wilcox Developments, LLC sold Babcock & Wilcox (now Greenalia) to Greenalia Wind Power;

### C. Amount in Controversy

"[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). As alleged in the Original Petition, given the size and value of Plaintiffs' land, which they claim has been devalued as a result of Defendants' actions, the amount in controversy in this case exceeds $75,000. Plaintiffs' also claim that Defendants are jeopardizing the reliability of their electric service, which adds significant alleged value to the amount in controversy. Accordingly, the amount in controversy in this case exceeds the statutory minimum.

## IV. Non-Waiver of Defenses

By removing this action from state court, Greenalia does not waive any defenses available to it and does not admit any of the allegations in Plaintiffs' pleadings.

## CONCLUSION

Greenalia respectfully removes the above-captioned action from state court to the United States District Court for the Western District of Texas.

Respectfully submitted,

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost
State Bar No. 21671300
Ryan C. Wooten
State Bar No. 24075308
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com
rwooten@orrick.com

---

and 2) Brazos Highland is a guarantor of GH Energy and current owner of the land on which Babcock & Wilcox (now Greenalia) has an option to purchase or lease and on which Greenalia may ultimately build the windfarm.

6

ATTORNEYS FOR DEFENDANT
GREENALIA WIND POWER BLUE
HILLS, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 24, 2023, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following by email:

Dallas J. Barrington  legalgeneralpractice@gmail.com
State Bar No. 24048341
1100 Pecan St.
Kountze, TX 77625

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost

7